IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| NATHAN D. NEIGHBORS, § | |
| (TDCJ No. 1435598) § | |
| VS. § | CIVIL ACTION NO.4:09-CV-096-Y |
| § | |
| § | |
| CAROLYN VAN WINKLE, § | |
| Tarrant County Medical Examiner § | |

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. § 1915A(b)(1)

This case is before the Court for review of pro-se inmate and plaintiff Nathan D. Neighbors's case under the screening provisions enacted with the Prison Litigation Reform Act ("PLRA"), codified, in part, at 28 U.S.C. §§ 1915A.[1] Neighbors, an inmate at the Texas Department of Criminal Justice's Stiles unit, filed a form civil-rights complaint under 42 U.S.C. § 1983 naming as defendant Carolyn Van Winkle. (Compl. Style; § IV(B).) Neighbors alleges that Van Winkle, identified as a medical examiner for Tarrant County, Texas, did not testify truthfully at his criminal trial in case number 1020534D in state court, and testified about DNA evidence without filing test results, paperwork, or lab work documenting any analysis. (Compl. §§ IV-V.) Neighbors alleges that as a result of the alleged actions of defendant Van Winkle, he was wrongfully convicted, and he seeks "250 million dollars for my life." (Compl. § VI.)

Section 28 U.S.C. § 1915A(a) requires the Court to review a complaint from a prisoner seeking relief against a governmental

---

[1] In this case, plaintiff Nathan D. Neighbors paid the full filing fee.

entity or governmental officer or employee as soon as possible after docketing.[2] This provision authorizing review of prisoner pleadings is separate from the screening provision applicable to in-forma-pauperis proceedings, and it provides that when the Court makes the review required under § 1915A(a), the Court shall dismiss the complaint or any portion thereof, if it is frivolous, malicious, fails to state claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.[3] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[4] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[5] After review and consideration of Neighbors's claims as asserted in the complaint, the Court concludes that they must be dismissed under the authority of § 1915A(b)(1).

The Court notes first that Neighbors's claims against Van Winkle are duplicative of claims already asserted and dismissed in a previous suit. In *Neighbors v. State of Texas, et al.,* No. 4:08-CV-677-Y, this Court dismissed, under 28 U.S.C. § 1915(e)(2)(B) and 1915A(b), Neighbors's complaint for monetary damages related to incidents at his state trial including this claim: "The evidence

---

[2]*See* 28 U.S.C.A. § 1915A(a)(West 2006).

[3]*See* 28 U.S.C.A. § 1915(b)(1) and (2)(West 2006).

[4]*See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[5]*Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

which allegedly matched was not identified in this trial there were no test results at the trial and no lab work for no DNA paper work from the medical examiner [sic]."[6] In this action, Neighbors asserts virtually the same claim expressly against Van Winkle.

In reviewing a similar multiple-suit-filing scenario by an inmate plaintiff, the United States Court of Appeals for the Fifth Circuit found no abuse of discretion in a district court's determination that an in-forma-pauperis action identical to one previously dismissed, may be dismissed as frivolous or malicious:

> [W]e have dismissed an appeal as frivolous because it involved a duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit, concluding that "repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915(d) as malicious." *See Robinson v. Woodfork,* No. 86-3735 (5th Cir. May 22, 1987)(unpublished order)(citing *McCullough v. Morgan,* No. 85-2022 (5th Cir. July 3, 1985) (unpublished order) and *Hill v. Estelle,* 423 F. Supp. 690 (S.D.Tex. 1976)). Other courts have also held that an IFP complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of section 1915(d).[7]

Because Neighbors's claims in the instant case against Van Winkle are virtually identical to claims already dismissed under 28 U.S.C. § 1915(e)(2) and 1915A(b) in this the Northern District of Texas,

---

[6]The Court takes judicial notice of the records of this Court in *Neighbors v. State of Texas, et al.,* No. 4:08-CV-677-Y.

[7]*Bailey v. Johnson,* 846 F.2d 1019, 1021 (5th Cir. 1988)(other citations omitted); *see also Brown v. Thomas,* No. 3:02-CV-0673-M, 2002 WL 31757616, at *3-4 (N.D. Tex. Dec. 3, 2002)(adopting magistrate judge's analysis of *Bailey,* and recommendation that case should be dismissed as duplicative even though earlier case had been dismissed without reaching merits).

3

such claims asserted herein must be dismissed as malicious under 28 U.S.C. §§ 1915A(b)(1).

Furthermore, and alternatively, the Court concludes that Plaintiff's claims are not cognizable under 42 U.S.C. § 1983. Plaintiff is seeking monetary damages from this Court against Tarrant County employee Carolyn Van Winkle over actions related to the validity of his conviction in state court. In *Heck v. Humphrey*, 512 U.S. 477, 486 (1994), the Supreme Court held that a § 1983 claim that, in effect, attacks the constitutionality of a conviction or imprisonment is not cognizable under § 1983 and does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[8] As in *Heck*, Plaintiff's challenges, if successful, necessarily would imply the invalidity of his incarceration and conviction, and are thus not cognizable under § 1983 unless Plaintiff has satisfied the conditions set by *Heck*. Plaintiff has failed to establish that he has met one of the prerequisites to a § 1983 action set forth by the Supreme Court. Plaintiff remains in custody and has not shown that his conviction has been invalidated by a state or federal court. As a result, Plaintiff's claims are not cognizable under § 1983, and must be dismissed pursuant to 28 U.S.C. §§ 1915A(b)(1).[9]

---

[8] *Heck,* 512 U.S. at 486-87; *see also Wells v. Bonner,* 45 F.3d 90, 94 (5th Cir. 1995).

[9] *See Heck*, 512 U.S. at 487-88.

4

Therefore, all of Plaintiff's claims are DISMISSED WITH PREJUDICE under authority of 28 U.S.C. § 1915A(b)(1). Furthermore, and alternatively, all of Plaintiff's claims are DISMISSED WITH PREJUDICE to their being asserted again until the *Heck v. Humphrey* conditions are met, under authority of 28 U.S.C. § 1915A(b)(1).[10]

SIGNED April 7, 2009.

_Terry R. Means_
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[10]*See Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).